(84 South. 582)

No. 22657.

**BADGER LOUISIANA LAND CO. v. ESTOPINAL, Sheriff, et al. (WHITNEY CENT. TRUST & SAVINGS BANK, Intervener).**

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

Judgment ⚖══586(2)—Former judgment held conclusive against right of landowner to enjoin drainage assessments.

After a drainage district had issued bonds, the landowner sued to enjoin two assessments on the ground that his lands were not and could not be benefited, and the suit to enjoin the last assessment was first tried, resulting in judgment for the drainage district. *Held* that, as both suits involved an attack on bonds already issued which is precluded by amendments to the Constitution proposed by Act No. 132 of 1912 and No. 192 of 1914, the first judgment is a conclusive adjudication against the right to maintain the other suit.

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; R. Emmet Hingle, Judge.

Suit by the Badger Louisiana Land Company against Albert Estopinal, Jr., Sheriff of the Parish of Jefferson, and others, in which the Whitney Central Trust & Savings Bank intervened. From a judgment for defendants and intervener, plaintiff appeals. Affirmed.

Frank Wm. Hart and Oliver S. Livaudais, both of New Orleans, for appellant.

Wm. Winans Wall, of New Orleans, for Sheriff and Assessor.

Wm. Winans Wall, of New Orleans, N. H. Nunez, of St. Bernard, and J. Blanc Monroe, of New Orleans, for Board of Com'rs Bayou Terre Aux Bœufs Drainage Dist.

Hall, Monroe & Lemann, of New Orleans, for Whitney Central Trust & Savings Bank.

PROVOSTY, J. The Bayou Terre Aux Bœufs drainage district, within whose limits the lands of the plaintiff are situated, was created in 1906. In 1909 it levied on the lands of the district a local assessment of three cents per acre for 40 years; and later in the same year, another assessment, of six cents per acre for a like period; and in 1912, still another of sixteen cents per acre for 32 years. After these assessments had been funded into bonds and the bonds negotiated, and after plaintiff had paid without demur these assessments for the years preceding 1915, plaintiff brought the present suit enjoining these assessments for the year 1915, and in 1916 brought another and sim-

ilar suit enjoining these assessments for the year 1916. The latter suit was duly tried, and resulted in a final judgment against plaintiff in this court, reported at page 775 of 143 La., at page 335 of 79 South. That judgment the defendant pleaded as res judicata of the present suit.

The ground of the two suits is exactly the same, and the defenses in them are exactly the same. In fact, the pleadings of the second suit are copies of those of the first, with only the change of the year for which the assessments are levied. This ground is that the lands of the plaintiff being at gulf level and water covered, and therefore insusceptible of drainage by gravity, will not be benefited by the drainage work of the district, which will consist in drainage canals. The defenses are that the lands are, as a matter of fact, benefited; but that, even if they were not, still the suit could not be entertained, because it is an attack upon the bonds which have been issued, and such an attack is precluded by the amendments to the Constitution proposed by Act 132, p. 164, of 1912, and Act 192 of 1914, the former reading:

"Where bonds of any subdivision have been heretofore issued for any of the purposes specified in paragraph 1 of this article, an issue has been authorized by the vote of a majority in number and amount of the property taxpayers qualified to vote under the Constitution and laws of this state who voted upon the proposition to issue such bonds at an election held for that purpose and where such bonds have been issued and sold by such subdivision for not less than par value thereof, the said bonds or any refund issue bonds or renewal or refunding bonds issued * * * for said purpose specified in paragraph 1 of article two hundred and eighty one (281) are hereby validated, ratified and confirmed; provided that such bonds did not at the time of their issue exceed ten per centum of the assessed valuation of the property in such subdivision, and such bonds hereby ratified, approved and confirmed shall be deemed to be the valid and incontestable obligations of such subdivision and a tax for the payment of the principal and in-

terest thereof and to create a sinking fund for the redemption shall be levied and collected in the manner and within the limits prescribed by said paragraph 1 of this article. This entire article is to be considered a full grant of power to the subdivisions of the state as set forth therein."

And the latter reading:

"All bonds heretofore issued under and by virtue of this article 281 of the Constitution by the governing authority of any subdivision, which have heretofore not been declared invalid by a judgment of a court of last resort in the state of Louisiana and more than sixty (60) days have elapsed since the promulgation of the proceedings evidencing the issuing of said bonds, are hereby recognized and declared to be valid and existing bonds and obligations of the district or subdivision issuing the same, and no court shall have jurisdiction to entertain any contest wherein their validity or constitutionality is questioned."

It was the defenses based upon these constitutional provisions that was sustained in the former suit.

Plaintiff could not, and does not, deny that the suits are an attack upon the bonds, nor that the attack is made on precisely the same ground in the two suits; the judgment of the former suit is therefore res judicata of the present suit. The trial court so held.

Judgment affirmed.

O'NIELL, J., concurs in the decree.